IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BRENDA PEREZ-DIAZ,**

       **Plaintiff,**

v.                                                          **Civil Action No. 3:20-CV-225**
                                                              **(GROH)**

**MR. HANO, and**
**DR. RING,**

       **Defendants.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On December 16, 2020, the *pro se* Plaintiff, who is a federal prisoner incarcerated at Aliceville FCI, in Aliceville, Alabama, initiated this case by filing an action pursuant to 42 U.S.C. § 1983.  ECF No. 1.[1]  Plaintiff was previously confined at the Secure Female Facility (SFF) Hazelton, in Bruceton Mills, West Virginia.  It was during her confinement at SFF Hazelton that the events occurred which led to this civil action being filed.

On January 12, 2020, Plaintiff refiled her complaint on the Court-approved form. ECF No. 10.  On that same date Plaintiff filed a motion for appointment of counsel.  ECF No. 11.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B)

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:20-CV-225, unless otherwise noted.

and LR PL P 2. For the reasons set forth below, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice.

## II.  FACTUAL AND PROCEDURAL HISTORY

In the complaint Plaintiff asserts that while her cellmate was engaged in self-harm which resulted in death, that Plaintiff was treated as a violent criminal by being handcuffed and pepper sprayed.  ECF No. 10 at 7 – 8.  Further, she asserts that she was denied counseling or other treatment after her cellmate's suicide, and as a result experienced emotional distress.  Id.  Plaintiff named as defendants the correctional officer who refused to assist her and the psychologist who denied her treatment and medication after her cellmate's suicide.  Id. at 1 – 2.  Plaintiff concedes she was not physically injured, other than the discomfort of the pepper spray, but asserts that her state of mind has been affected.  Id. at 8.  Plaintiff acknowledges that she did not exhaust her administrative remedies because she claims that she did not know the process.  Id. at 6.

Plaintiff seeks an unspecified amount of monetary damages and seeks to have the court enter an order so that future similar incidents will be handled differently.  ECF No. 1 at 9.

## III.  LEGAL STANDARD

### A.  Pro Se Litigants.

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious.  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune

from such relief.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[2] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

### B.  § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

---

[2] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

The Prisoner Litigation Reform Act (PLRA) requires proof of "physical injury." There is no recovery for mental or emotional stress without consequent physical injury. 42 U.S.C. § 1997e(e) provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)."

### C. Exhaustion of Administrative Remedies

Under the PLRA, a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e (a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." Porter v. Nussle, 534 U.S. 516, 524 (2002). "[F]ederal prisoners suing under Bivens [ ], must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." Id. (internal citation omitted). Thus, exhaustion through administrative remedies is clearly mandated by § 1997(e)(a) prior to seeking relief through suit pursuant to Bivens. Booth v. Churner, 532 U.S. 731,

4

741 (2001).

## IV.  ANALYSIS

A review of the complaint pursuant to 28 U.S.C. § 1915A(b), reveals that Plaintiff fails to present a claim upon which relief can be granted.

Under the Prison Litigation Reform Act (PLRA), a prisoner bringing a case with respect to prison conditions must first exhaust all available administrative remedies.  42 U.S.C. § 1997e.  Exhaustion as provided in § 1997(e)(a) is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  The Supreme Court of the United States has determined that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 532 (2002).  Plaintiff concedes that she failed to exhaust administrative remedies.  ECF No. 1 at 6.  She explains that she was unaware of the administrative remedy process.  Id.  However, pursuant to the PLRA, exhaustion of administrative remedies is required prior to filing suit.

The undersigned recognizes that Plaintiff also appears to be seeking mandamus relief in the form of an order by this Court which directs the Bureau of Prisons or officials at SFF Hazelton to change their response to future instances of inmates committing self-harm in the presence of other inmates.  However, this action filed pursuant to § 1983, is an improper vehicle to obtain such mandamus relief.[3]

Accordingly, because Plaintiff can prove no set of facts which would entitle her to

---

[3]  The undersigned notes that although this case was filed pursuant to § 1983, a statute which created civil rights actions committed by state actors, this action should more appropriately been filed as a Bivens action, for civil rights actions committed by federal actors.  However, for the reasons stated above, this action should be dismissed without prejudice, because of Plaintiff's failure to exhaust and lack of personal physical injury, both of which are required for § 1983 and Bivens claims.

5

relief, she fails to state a claim upon which relief may be granted as to any of the named Defendants.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's amended complaint [ECF No. 10] be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

It is further **RECOMMENDED** that Plaintiff's motion for appointed counsel [ECF No. 11] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: January 14, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE